### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN D. ARNETT, JR., | ) |
|        Petitioner, | ) |
| v. | )     Case No. CIV-20-432-J |
| DWAYNE JANIS, | ) |
|        Respondent. | ) |

## ORDER

Petitioner, a state prisoner appearing pro se, filed a petition for writ of habeas relief under 28 U.S.C. § 2254 [Doc. No. 1]. The matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 626(b)(1)(B), (C). On preliminary review, Judge Purcell recommended that the petition be dismissed on filing [Doc. No. 7] and Petitioner has objected [Doc. No. 9]. This Court must now make a de novo review of the recommendation and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 626(b)(1); Fed. R. Civ. P. 72(b)(3).

Relevant here, Petitioner was convicted in 2008 of knowingly receiving/possessing/concealing stolen property in violation of Okla. Stat. tit. 21, § 1713(A), which at that time constituted a felony regardless of the value of the stolen property. Petitioner does not challenge the factual or legal basis for his conviction; instead, he seeks the benefit of a 2016 amendment to § 1713(A). As amended, § 1713(A) now states that if the value of the property is $1,000 or above, the conviction constitutes a felony, but if the value of the property is under $1000, the conviction is classified only as a misdemeanor. Petitioner asserts his conviction should therefore be re-classified as a misdemeanor.

In support of his argument, Petitioner relies on House Bill 1269, effective November 1, 2019, which he contends made the 2016 amendment to § 1713(A) retroactive. Finding that the issue of retroactivity is purely an issue of state law and that nothing in House Bill 1269 indicates that the 2016 is directly retroactive, Judge Purcell recommended dismissing the petition on filing. In his objection, Petitioner concedes that House Bill 1269 did not directly make the 2016 amendment retroactive but claims that failure to apply the amendment to § 1713(A) retroactively violates his equal protection rights. [Doc. No. 9]. However, the Tenth Circuit has "repeatedly held – albeit in unpublished opinions – that the Equal Protection Clause allows state legislatures to change sentencing laws without applying the changes retroactively." *Dodd v. McCollum*, 715 F. App'x 844, 847 (10th Cir. 2017).

In sum, on de novo review, the Court concurs with Judge Purcell's analysis and finds Petitioner has failed to state a valid claim for relief under § 2254.

IT IS THEREFORE ORDERED that Petitioner's objection [Doc. No. 9] is OVERRULED and Judge Purcell's Report and Recommendation [Doc. No. 7] is ADOPTED in its entirety and the Petition [Doc. No. 1] is DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has failed to make either showing and the Court denies the COA.

A separate judgment shall be entered.

IT IS SO ORDERED this 2nd day of June, 2020.

                                                BERNARD M. JONES
                                                UNITED STATES DISTRICT JUDGE